## AUSTIN, NICHOLLS & CO. v. BARBERIO.
### (No. 6850.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1922.)

1. **Evidence ⬸219(1)—Claim against carrier held not waiver of claim against seller.**

Where buyer, as instructed by sellers, made claim against the carrier for chestnuts purchased arriving in decayed condition, the buyer did not, by filing the claim with the carrier, admit he had no claim against sellers.

2. **Sales ⬸87(3)—Notation on order that cranberries were bought for Thanksgiving justified finding to that effect.**

Where the agent who sold cranberries stated they were bought for Thanksgiving trade and wrote that fact on the order, this was sufficient to justify a finding that they were ordered for Thanksgiving.

3. **Sales ⬸179(3)—Delay waived by failure to object.**

Although cranberries were ordered in time for Thanksgiving trade and the sellers did not ship them so as to arrive for Thanksgiving, the buyer was not entitled to deduct from his bill which he owed sellers the amount of loss on the cranberries caused by the delay in delivery, where he never objected to receiving and paying for them.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Austin, Nicholls & Co. against Joe Barberio. From a judgment for plaintiffs in an amount less than petitioned for, plaintiffs appeal. Reversed and rendered.

H. G. Dickinson, of Laredo, for appellants. Mann & Mann, of Laredo, for appellee.

FLY, C. J. This is a suit instituted by appellants against appellee to recover a balance of $1,575.48, alleged to be due on account for certain merchandise sold by appellants to appellee. Appellee claimed an offset of $664.02 on 25 barrels of chestnuts which were so badly damaged as to be practically worthless, and also claimed damages for the failure of appellants to ship certain cranberries in time for the Thanksgiving trade in November, 1920. The cause was tried by jury and a verdict returned in favor of appellants for $473.34.

The evidence showed that appellee ordered 25 barrels of chestnuts from appellants to be shipped from New York to appellee at Laredo, Tex. When they reached appellee they were in such a damaged condition that they had to be sold, under instructions of appellants, for $152.50. The cost price of the chestnuts was $821.52. The evidence showed that the chestnuts were imported from Italy, and a witness for appellants swore that when the chestnuts reached New York he opened about one-half of the barrels containing the chestnuts and found them in first-class condition. There was evidence tending to show that none of the 25 barrels shipped to appellee had ever been opened, but that the barrels were in the same condition as when they left Italy. The barrels could not have been opened and reclosed without signs of such opening being left on them. It was in evidence that, if the chestnuts had left New York for Galveston in good condition, they could not in the time consumed in reaching Laredo have been in the decayed condition in which they arrived at their destination. At the time appellee ordered the chestnuts he also ordered cranberries for Thanksgiving. Appellee paid $202.90 freight charges on the merchandise.

[1] The first and second assignments of error should not be considered. They might be placed in the category of statements of fact or possibly argument, but should not be called assignments of error. However, they seem to be attacking the verdict of the jury on the ground that it is not sustained by the evidence. There are facts to sustain at least the verdict. The jury were justified in rejecting the testimony of the agent of appellants as to his opening the barrels and examining the chestnuts. There was sufficient evidence to indicate that the chestnuts were in barrels made of heavy hardwood which could not have been opened without leaving unmistakable marks of such opening and there were no such marks on the barrels. There was also testimony tending to show that, if the chestnuts had been in good order in New York, they would have been in good order when they reached Laredo. There was no evidence of any waiver of his claim against appellant for the chestnuts. He made a claim against the carrier as instructed by appellants, and there is no ground for the assertion that by filing the claim with the carrier appellee admitted he had no claim against appellants.

[2, 3] The agent who sold the cranberries said he understood they were bought for Thanksgiving, and he wrote that fact on the order. This was sufficient to justify the jury in finding that the cranberries were ordered for Thanksgiving. Appellants knew they were so ordered from their yearly course of business, and knew that they would be of little use to appellee if they did not arrive in time for Thanksgiving. However, there is no evidence of any negligence upon the part of appellants in the shipment of the cranberries and appellee never objected to receiving and paying for them. We do not think the evidence is sufficient to sustain that part of the verdict which must have deducted $275 for the loss on the cranberries from the amount of the bill. That amount should not have been deducted, nor the $64.79 freight

paid on the cranberries and $3 from the undercharge.

We ·conclude that the judgment should be reversed and here rendered for $816.13 with 6 per cent. interest and all costs of suit.